# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald Taylor, Petitioner Below, Petitioner**

**vs) No. 15-0206** (Kanawha County 14-P-342)

**Anthony Leonard, Administrator, South Central
Regional Jail, and West Virginia Division of Corrections,
Respondents Below, Respondents**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Donald Taylor, *pro se*, appeals the January 16, 2015, order of the Circuit Court of Randolph County denying his petition for a writ of habeas corpus alleging (1) unlawful revocation of parole, and (2) inadequate medical treatment following petitioner's re-incarceration. Respondents Anthony Leonard, Administrator, South Central Regional Jail, and West Virginia Division of Corrections ("DOC"),[1] by counsel Benjamin Freeman and John H. Boothroyd, filed summary responses, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner received a sentence for grand larceny of one to ten years of incarceration and a life sentence (with the possibility of parole) for first degree murder with an effective sentence date of August 18, 1987. On April 24, 2013, petitioner was released on parole. On June 25, 2014, the DOC charged petitioner with the following parole violations: (1) petitioner returned home thirty-five minutes past curfew; (2) petitioner used drugs (Methamphetamines); (3) petitioner

---

[1]After the revocation of his parole, petitioner was remanded into the DOC's custody. Petitioner was housed temporarily at the South Central Regional Jail and is now located at St. Mary's Correctional Center.

1

failed to keep his electronic monitoring transmitter strapped to his ankle; (4) petitioner tampered with the electronic monitoring ankle bracelet; and (5) petitioner failed to report to his parole officer as instructed on May 20, 2014.[2] The West Virginia Parole Board ("Board") held a revocation hearing on July 9, 2014, at which petitioner pled guilty to all violations. The Board revoked petitioner's parole, remanded him into the DOC's custody, and found that petitioner would not again be eligible for parole until May of 2015.

Following his re-incarceration, petitioner filed a number of grievances alleging that he was receiving inadequate medical treatment. According to petitioner, while out on parole, he was diagnosed with stage four scarring of the liver and stage two inflammation of the liver. Petitioner asserted that a liver specialist has opined that petitioner was a candidate for a new liver treatment.[3] In response to petitioner's grievance (dated June 18, 2014), a medical administrator wrote that "[w]e will speak to [the liver specialist's] office," obtain medical records, and "go from there."

On July, 22, 2014, petitioner filed a petition for a writ of habeas corpus alleging (1) unlawful revocation of parole, and (2) inadequate medical treatment following petitioner's re-incarceration.[4] On January 16, 2015, the circuit court denied relief, finding that "no contentions of fact and law" supported granting the petition.

Petitioner now appeals the circuit court's January 16, 2015, denial of his habeas petition. We review a circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

Revocation of petitioner's parole was lawful.

We review decisions of the Board only for an abuse of discretion. *See Tasker v. Mohn*, 165 W.Va. 55, 67, 267 S.E.2d 183, 190 (1980). Petitioner asserts that the revocation of his parole was unlawful, which gives rise to de novo review. Respondents argue that, pursuant to West Virginia Code § 62-12-19(a)(2)(A)(i), the Board may remand the parolee into the DOC's custody if "it is determined that reasonable cause exists to believe that the parolee has: . . . (i) Absconded

---

[2]Petitioner was arrested for his failure to report.

[3]As part of his appendix, petitioner includes a July 28, 2014, letter to the Board, in which he states that the cost of the new liver treatment would be $100,000.

[4]Petitioner later amended his petition to add detail to his claims.

supervision." We agree with respondents that the finding that petitioner absconded was supported by his guilty pleas to violations of failing to keep his electronic monitoring transmitter strapped to his ankle, tampering with the electronic monitoring ankle bracelet, and failing to report to his parole officer on May 20, 2014.[5] *See State ex rel. Eads v. Duncil*, 196 W.Va. 604, 613-14, 474 S.E.2d 534, 543-44 (1996) (Fact that parolee failed to report constituted evidence supporting parole revocation). Therefore, we conclude that the Board did not abuse its discretion in revoking petitioner's parole and remanding him into the DOC's custody.

<u>Petitioner's claim of inadequate medical treatment lacks evidentiary support</u>

In Syllabus Point 5 of *Nobles v. Duncil*, 202 W.Va. 523, 526, 505 S.E.2d 442, 445 (1998), this Court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." In alleging that he was being denied adequate medical care for his liver condition, petitioner contends that the DOC has to provide him with the new treatment for which the specialist opined petitioner was a candidate. However, while petitioner deserves adequate care, "he cannot insist that [the DOC] provide him with the most sophisticated care that money can buy." *United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987). Respondents assert that the DOC is willing to provide petitioner the adequate care to which he is entitled, and this assertion is supported by the response petitioner received to his June 18, 2014, grievance. Therefore, we determine that petitioner's claim of inadequate medical treatment lacks evidentiary support and conclude that the circuit court did not err in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the January 16, 2015, order of the Circuit Court of Kanawha County denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: November 6, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5]Petitioner asserts that on May 20, 2014, he was no longer subject to electronic monitoring. However, an electronic monitoring client agreement signed by petitioner on February 3, 2014, belies that assertion.